```
               UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE
```

Albert Rueben Kuperman

   v.                                Civil No. 09-cv-66-JD
                                          Opinion No. 2009 DNH 055

State of New Hampshire,
NH Attorney General, et al.

                             O R D E R

     Albert R. Kuperman, proceeding pro se, filed a complaint in the District of Massachusetts against the State of New Hampshire, the New Hampshire Corrections Commissioner, the Warden of the New Hampshire State Prison, the New Hampshire Attorney General, several judges of the New Hampshire Superior Court, several state prosecutors, a lawyer in the office of the New Hampshire Public Defender, and two private attorneys.  Kuperman alleges that he is incarcerated under illegal consecutive sentences in violation of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  On February 23, 2009, the case was transferred from the District of Massachusetts to this district.

     Kuperman moved to disqualify all of the judges of this court due to their prior associations with the New Hampshire Attorney General's Office or the New Hampshire courts, or their work as "Private Attorney."  Because the case was assigned to me, I reviewed the motion and issued an order on March 17, 2009,

denying the motion on the grounds that "at this point in time there is no reason based on law or fact that would require my recusal."[1] I did not rule on whether or not the other judges of this court are recused because recusal is a matter that in the first instance must be decided by each judge individually, and the case is currently assigned to me, not to any of them.

Kuperman now moves for reconsideration of my March 17, 2009, order. In support of his motion, Kuperman states that he doubts the impartiality of the judges of this court who were previously state court judges or served in the New Hampshire Attorney General's Office because they "are linked to the State's ideology behind [his] claimed illegal consecutive sentences." He also asserts, without providing specifics, that the judges of this court have personal knowledge of facts concerning his claims and that he intends to call the judges as material witnesses "in assisting the State in the illegal imposition of Consecutive Sentences . . . ."

28 U.S.C. § 455 provides the bases for a judge to disqualify himself in a pending proceeding. In general, a federal judge is disqualified "in any proceeding in which his impartiality might reasonably be questioned." § 455(a). In addition, § 455(b)

---

[1] Kuperman did not file an affidavit in support of his motion. See 28 U.S.C. § 144.

provides specific instances for disqualification which include "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," where he was involved in the matter in controversy as a private lawyer or as a material witness, or where, while in government employment, he participated in or expressed an opinion about the particular case.

"Because a judge is presumed to be impartial, the party seeking disqualification bears the substantial burden of proving otherwise." United States v. Dehghani, 550 F.3d 716, 721 (8th Cir. 2008). For purposes of § 455(a), the question is "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008). "A trial judge must hear cases unless some reasonable factual basis to doubt the impartiality or fairness of the tribunal is shown by some kind of probative evidence." Blizard v. Frechette, 601 F.2d 1217, 1221 (1st Cir. 1979).

My service with the New Hampshire Attorney General's Office concluded in 1977, and my service on the New Hampshire Superior Court concluded in 1992. Kuperman's claims arise out of criminal matters resulting in a conviction in December of 2003 and subsequent convictions and sentences. I have had no involvement

3

with Kuperman's criminal matters that are the subject of this action, and my prior state government service in and of itself is not a sufficient reason to require recusal.

In addition, Kuperman's general statement that he intends to call me as a material witness because I was a superior court justice, without more, is insufficient to require my recusal.  I do not have, and Kuperman has not shown that I have, any knowledge of disputed evidentiary facts concerning his case.  See Pesnell v. Arsenault, 543 F.3d 1038, 1044 (9th cir. 2008) (holding that party's contention that judge was likely to be a material witness in the proceeding was meritless absent "a showing that she would be required to be a witness as to any material fact in the action.").  Compare Kenny A. ex rel. Winn v. Perdue, 547 F.3d 1319, 1327 (11th Cir. 2008) ("Where . . . the district judge feels compelled to testify–here as a plaintiff's witness–to his personal knowledge and experience, the judge clearly has, and has chosen to offer, 'personal knowledge of disputed evidentiary facts concerning the proceeding.'" quoting § 455(b)(1)).  Otherwise, Kuperman or any other plaintiff could engage in endless judge shopping merely by claiming that he intended to call the judge as a witness in the pending case, irrespective of the fact that the judge had no involvement with

the plaintiff's previous criminal cases, the pending case, or the claims raised in the pending case.

I reiterate that at this point in time, I am not aware of, nor has Kuperman presented, any reason in law or fact that would prevent me from presiding over this matter fairly and impartially.  If during the course of the case any matter is brought to my attention that requires my recusal I shall do so promptly.

## Conclusion

For the foregoing reasons, the plaintiff's motion for reconsideration (document no. 17) is denied.

The complaint is referred to the Magistrate Judge for preliminary review.  Prior to that review, the Magistrate Judge shall address the motion to recuse as it pertains to him.  In the event the Magistrate Judge recuses himself, the case shall be referred back to me for preliminary review.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

Date:  April 15, 2009

cc:  Albert Rueben Kuperman, pro se