## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW HAMPSHIRE

Albert Rueben Kuperman

      v.                                    Civil No. 09-cv-00066-JD

State of New Hampshire, et al.

### REPORT AND RECOMMENDATION

Before the Court is Albert Rueben Kuperman's complaint
(document no. 1), filed pursuant to 42 U.S.C. § 1983, seeking
damages and equitable relief from defendants.  Kuperman alleges
violations of his rights under the United States Constitution,
relating to illegally imposed sentences.  The matter is before me
for preliminary review to determine, among other things, whether
the complaint states any claim upon which relief might be
granted.  See 28 U.S.C. § 1915A(a); D.N.H. Local Rule ("LR")
4.3(d)(2).

### Standard of Review

Under this Court's local rules, when an incarcerated
plaintiff commences an action pro se and in forma pauperis, the
Magistrate Judge conducts a preliminary review.  LR 4.3(d)(2).
In conducting the preliminary review, the Court construes pro se

pleadings liberally, however inartfully pleaded.  See <u>Erickson v.</u>
<u>Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam) (following <u>Estelle v.</u>
<u>Gamble</u>, 429 U.S. 97, 106 (1976), to construe pro se pleadings
liberally in favor of the pro se party).  "The policy behind
affording pro se plaintiffs liberal interpretation is that if
they present sufficient facts, the court may intuit the correct
cause of action, even if it was imperfectly pled." <u>Ahmed v.</u>
<u>Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997); <u>see also</u> <u>Castro v.</u>
<u>United States</u>, 540 U.S. 375, 381 (2003) (courts may construe pro
se pleadings to avoid inappropriately stringent rules and
unnecessary dismissals).  The court must accept as true the
plaintiff's factual assertions, <u>see</u> <u>Erickson</u>, 551 U.S. at 94, and
any inferences reasonably drawn therefrom.  <u>See</u> <u>Centro Medico del</u>
<u>Turabo, Inc. v. Feliciano de Melecio</u>, 406 F.3d 1, 5-6 (1st Cir.
2005); <u>Ayala Serrano v. Lebron Gonzalez</u>, 909 F.2d 8, 15 (1st Cir.
1990).  This review ensures that pro se pleadings are given fair
and meaningful consideration.

<u>Background</u>

In decisions filed in a related habeas corpus petition, I
have previously outlined the facts underlying the constitutional
violations asserted by Kuperman in this case.  <u>See</u> <u>Kuperman v.</u>

<u>Warden</u>, No. 07-cv-245-PB (hereinafter "§ 2254 Petition") (D.N.H. Sept. 28, 2007) (doc. no. 17) (recommending dismissal of time-barred habeas claims); <u>see also</u> <u>id.,</u> 2008 U.S. Dist. LEXIS 7746 (D.N.H. Jan. 17, 2008) (doc. no. 30) (ordering service of remaining habeas claim challenging consecutive sentences).  The following is a summary of the relevant background, supplemented with facts from the complaint and the attachments, construed in a light favorable to Kuperman.

On December 12, 2003, Kuperman was convicted of one count of felonious sexual assault in Merrimack County Superior Court (hereinafter "Case No. 03-S-958").  He received a suspended sentence of 1½ to 3 years on this conviction and was placed on probation for 5 years.

Kuperman's contacts with a minor one month later, in January 2004, were the basis for his indictments on two further counts of felonious sexual assault (hereinafter "Case No. 04-S-588" and "Case No. 04-S-589").  This incident also led to a charge that he had violated probation in Case No. 03-S-958.  In 2004, the trial judge in Merrimack County Superior Court sentenced Kuperman to 3½ to 7 years in prison, stand committed, based on a finding -- by clear and convincing evidence -- that Kuperman had violated the rules of probation and the specific conditions of his original

3

sentence in Case No. 03-S-958.

In 2006, Kuperman pleaded guilty to the felonious sexual assaults charged in Case Nos. 04-S-588 and 04-S-589.  He received a prison sentence of 3½ to 7 years, suspended, with 5 years probation in Case No. 04-S-588, and a sentence of 5 years probation in Case No. 04-S-589.  These 2006 sentences were consecutive to the sentence imposed in 2004 on the probation violation charge.

On August 6, 2007, Kuperman filed a petition for a writ of habeas corpus in this court under 28 U.S.C. § 2254, raising claims challenging his 2003 conviction in Case No. 03-S-958, his 2004 sentence for the probation violation in Case No. 03-S-958, and the consecutive sentences imposed in 2006 in Case Nos. 04-S-588 and 04-S-589.  This court dismissed the claims relating to the 2003 and 2004 convictions as barred by the one year statute of limitations for habeas petitions set forth in 28 U.S.C. § 2244(d)(1)(A) and granted summary judgment against Kuperman on the consecutive sentence claim.  <u>See</u> § 2254 Petition (D.N.H. Oct. 11, 2007) (doc. no. 22) (dismissing time-barred claims); <u>id.</u> (D.N.H. Oct. 14, 2008) (doc. no. 55) (granting summary judgment on remaining claim challenging consecutive sentences).  Kuperman appealed, and his appeal remains pending.  <u>See</u> <u>Kuperman v.</u>

Warden, appeal docketed, No. 08-2413 (1st Cir. Dec. 3, 2008).

In July 2008, Kuperman filed the Complaint (doc. no. 1) currently before me in the District of Massachusetts.  That court transferred the case to this district under 28 U.S.C. § 1404(a) in February 2009.  See Order (doc. no. 11) (transferring case).

The complaint asserts claims against the following six types of defendants:  (1) the State; (2) New Hampshire Attorney General, Kelly Ayotte; (3) Prosecutors (David S. Rotman, Susan Larrabee, and Marianne Ouelette, Assistant Merrimack and Hillsborough County Attorneys); (4) Judges (Edward J. Fitzgerald, Kathleen A. Mcguire, and Philip P. Mangonese, NH Superior Court judges); (5) Defense Counsel (Lee Topham, court-appointed counsel, Paul J. Garrity, and Robert I. Morgan); and (6) Prison Officials (William Wrenn, Commissioner, New Hampshire Department of Corrections, and Richard M. Gerry, Warden, New Hampshire State Prison).  Garrity and Morgan are named as defendants only in their individual capacities, while the remaining individuals have also been sued in their official capacities.

Construed liberally, the complaint includes the following claims, which Kuperman asserts under the federal civil rights

5

statutes, 42 U.S.C. §§ 1981, 1983, 1985, and 1986.[1]  Kuperman's

specification in naming particular defendants with respect to his

separate claims is noted below:

> (1) Kuperman did not receive "fair notice" in 2003 regarding
> the risk that the statutory maximum sentence could be
> imposed if he violated his sentence terms, in violation of
> his right to due process under the Fifth and Fourteenth
> Amendments.  Kuperman alleges that Mcguire, Larabee, and
> Topham, acting in conspiracy with one another, are the
> defendants responsible for this violation of his rights.

> (2) The finding that Kuperman violated probation in 2004 was
> based on an unresolved criminal charge, in violation of his
> right to due process under the Fifth and Fourteenth
> Amendments.  Kuperman alleges that defendants Fitzgerald,
> Rotman, and Garrity, acting in conspiracy with one another,
> are the defendants responsible for this violation of his
> rights.

> (3) Kuperman is suffering an Eighth Amendment violation
> because his prison sentence in 2004 was not authorized by
> state law.

> (4) Kuperman's consecutive sentences in 2006 violated his
> Fifth and Fourteenth Amendment rights to due process and his
> Eighth Amendment right not to suffer cruel and unusual
> punishment because consecutive sentences are not authorized
> by state statute, and any state common law authority for
> imposing consecutive sentences is vague, does not provide
> "fair notice" of the risk that consecutive sentences will be
> imposed, and leads to discriminatory sentencing.  Kuperman
> alleges that Ayotte, defendant Prosecutors, defendant

---

[1]Kuperman also cites 42 U.S.C. § 1988 as a statute
underlying his claims, but this statute relates to attorney's fee
awards.  As Kuperman is appearing pro se, he would not be
entitled to an award of fees even if he prevailed.  See Lovell v.
Snow, 637 F.2d 170, 171 (1st Cir. 1981).  Accordingly, I will not
further consider any claim proffered under section 1988.

Case 1:09-cv-00066-JD   Document 20   Filed 06/19/09   Page 7 of 20

Judges, and defendant Defense Counsel -- Mangonese,
Ouelette, and Morgan, in particular, -- acting in conspiracy
with one another, are the defendants responsible for this
violation of his rights.

(5) Kuperman has suffered defamation, libel, and slander
under state law due to false charges and unlawful
convictions.

Discussion

I.   <u>Claims Asserted under Sections 1981, 1985, and 1986</u>

Kuperman cites 42 U.S.C. § 1981 as a ground for holding

defendants liable for violating his civil rights.  This statute

provides a cause of action for racial discrimination in certain

circumstances.  <u>See</u> <u>Fantini v. Salem State Coll.</u>, 557 F.3d 22,

33-34 (1st Cir. 2009).  Kuperman has not alleged that he has

suffered any racial discrimination.  Accordingly, 42 U.S.C.

§ 1981 is inapposite.  Any claim based on this statute should be

dismissed.

Kuperman also cites 42 U.S.C. § 1985 as a ground for holding

defendants liable for violating his civil rights.  This statute,

in pertinent part, provides a cause of action if persons have

conspired to deny the plaintiff equal protection.  <u>See</u> 42 U.S.C.

§ 1985(3).  To state a claim under § 1985(3), the plaintiff must

allege that the conspiratorial conduct complained of was

motivated by a "'racial, or perhaps otherwise class-based,

7

invidiously discriminatory animus.'"  Aulson v. Blanchard, 83
F.3d 1, 3 (1st Cir. 1996) (quoting Griffin v. Breckenridge, 403
U.S. 88, 91 (1971)).

Kuperman has not pleaded sufficient facts to make out a
facially valid claim under section 1985(3).  His quoting State v.
Rau, 129 N.H. 126, 130, 523 A.2d 98, 100 (1987), which states
that judges in New Hampshire have discretion to impose
consecutive sentences on that "group" of criminals needing
additional deterrence, suggests that Kuperman is alleging
membership in a class consisting of convicted criminals who may
receive consecutive sentences on a discretionary basis.  This
definition of a class is noncognizable under section 1985.  See
Aulson, 83 F.3d at 5 (class cannot be defined solely on basis of
harm inflicted, but must be comprised of distinctive and
identifiable group).

Furthermore, Kuperman does not specify the facts on which
his allegations of conspiracy are based.  Although "pro se
complaints are to be read generously, . . . allegations of
conspiracy must nevertheless be supported by material facts, not
merely conclusory statements."  Slotnick v. Garfinkle, 632 F.2d
163, 165 (1st Cir. 1980) (per curiam) (citation omitted).
Nothing in the complaint amounts to more than conclusory

allegations regarding the existence of a conspiracy among or
between any of the defendants.  Accordingly, 42 U.S.C. § 1985
does not provide a cause of action in this case.  Any claim based
on that statute should be dismissed.

Any claim asserted by Kuperman under 42 U.S.C. § 1986 should
similarly be dismissed.  Section 1986 provides a cause of action
against an official for neglecting to prevent a conspiracy under
42 U.S.C. § 1985.  As Kuperman has not alleged sufficient facts
to state a claim under section 1985, this statute does not
provide a separate claim for relief in this case.  See Lowden v.
William M. Mercer, Inc., 903 F. Supp. 212, 222 (D. Mass. 1995)
(dismissing claim asserted under section 1986 following dismissal
of claims asserted under section 1985(3)).

II.  Section 1983 Claims (Claims I-V):  *Heck* Rule

Kuperman's federal claims, Claims I-V, are all premised on
his allegation that his convictions or sentences were invalid.
In effect, he is seeking a judgment that his convictions or
sentences imposed in 2003, 2004, and 2006 violate the U.S.
Constitution and state law.  Kuperman requests declaratory
relief, damages, and injunctive relief.  Each of these claims
must be dismissed, in light of Supreme Court precedent making it
necessary for a prisoner to file a successful post-conviction

9

challenge to his sentence before he can assert a cause of action under section 1983.

A "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'"  Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)).  A prisoner must petition for a writ of habeas corpus or request appropriate state relief for this type of claim instead.  Wilkinson, 544 U.S. at 78.  "[A] state prisoner's § 1983 action is barred (absent prior invalidation [of the conviction or sentence]) —— no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) —— if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Id. at 81–82 (emphasis in original).

Notwithstanding Kuperman's emphasis that he is "not" requesting release, Complaint at 10, the federal claims in this case fall squarely within the exclusive province of habeas corpus:  Kuperman is challenging the validity of his convictions or sentences.  Kuperman's claims for relief under 42 U.S.C. § 1983 must be dismissed, as a judgment in his favor on any of his claims would necessarily imply that his convictions or

10

sentences are invalid.  See Wilkinson, 544 U.S. at 78.  This
rule, known as the Heck rule, for Heck v. Humphrey, 512 U.S. 477
(1994), requires dismissal of the federal claims in this case
even though Kuperman's habeas corpus claims relating to his 2003
and 2004 convictions were found to be time-barred.  See
Cunningham v. Gates, 312 F.3d 1148, 1153 n.3 (9th Cir. 2002)
(Heck rule applicable to bar section 1983 claim where statute of
limitations barred habeas relief for claims at issue); cf.
Figueroa v. Rivera, 147 F.3d 77, 81 & n.3 (1st Cir. 1998)
(affirming dismissal of section 1983 claim under Heck, even
though prisoner had died so that habeas relief was no longer
available).

III. Claim IV:  Preclusion of Challenge to Consecutive Sentences

     Kuperman's claim challenging his consecutive sentences
(Claim IV) should be dismissed for the additional reason that it
has been precluded by the entry of summary judgment on the same
issue in his § 2254 Petition.  Issue preclusion generally
prevents the same parties from relitigating a legal or factual
issue that was actually litigated and essential to a prior valid
final judgment.  See Bobby v. Bies, ___ U.S. ___, ___, 129 S. Ct.
2145, 2152 (2009) (discussing issue preclusion and citing
Restatement (Second) of Judgments § 27 (1980)).  A plaintiff may

also be precluded from relitigating an issue against new
defendants, if the previous opportunity for litigation was at
least equivalent to the present opportunity.  See Restatement
(Second) of Judgments § 29 & cmt. b (1980).

Kuperman actually litigated the validity of his consecutive
sentences in his § 2254 Petition, raising many of the same
arguments asserted here.  The order granting summary judgment was
based on a legal ruling rejecting Kuperman's arguments and
finding Kuperman's consecutive sentences to be authorized by
state law and consonant with the requirements of fair notice, due
process, and the rule of lenity.  See § 2254 Petition (D.N.H.
Oct. 14, 2008) (doc. no. 55) (summary judgment granted for
reasons stated in Hearns v. Warden, 2008 DNH 180 (D.N.H. Sept.
30, 2008)).

Issue preclusion bars Kuperman from raising his challenge to
the consecutive sentences in this action, not only as to the
Warden, but as to all defendants.  Kuperman's § 2254 Petition
provided an equivalent opportunity to litigate the issue as this
action would provide.  No exception to the general rule applies,
see Restatement (Second) of Judgments § 29 & cmt. b (1980).

I note that Kuperman has filed an appeal of the final
judgment dismissing his § 2254 petition.  Federal courts

12

generally give preclusive effect to a final judgment even if an appeal is pending, because the benefits of issue preclusion generally outweigh the risks.  See Tripati v. Henman, 857 F.2d 1366, 1367 (9th Cir. 1988); see also In re Kane, 254 F.3d 325, 328 (1st Cir. 2001) (discussing general rule); 18A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Fed. Pract. & Proc. Jurisdiction § 4433 (2d ed. 2002).

In this case, the Court need not delay in dismissing Claim IV pending appeal.  The claim is barred by the Heck rule, as stated above.  Furthermore, Kuperman is unlikely to prevail in appealing the disposition of his consecutive sentence claim in his § 2254 Petition; the district court decision providing the rationale for the order granting summary judgment against Kuperman has survived a challenge in the First Circuit.  See Hearns v. N.H. State Prison, No. 08-2527 (1st Cir. May 13, 2009) (denying motion for certificate of appealability).  Accordingly, Claim IV should be dismissed at this time.

IV.  Claims Against Particular Defendants

A.   Eleventh Amendment:  State and Official Capacity

Kuperman's claims for damages asserted against the State and the Attorney General, Judges, and Prosecutors in their official capacities should be dismissed for an additional reason.  The

Eleventh Amendment bars damages suits against state entities and
state agents working in their official capacities unless the
state has expressly waived immunity, which has not been done by
New Hampshire for actions brought under § 1983.  See P.R.
Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144
(1993) (absent waiver, neither state nor agencies acting under
its control may be subject to suit in federal court); Will v.
Mich. Dep't of State Police, 491 U.S. 58, 66 (1989) (Congress did
not abrogate state's Eleventh Amendment immunity under section
1983, citing Quern v. Jordan, 440 U.S. 332 (1979)).  Accordingly,
I recommend that the damages claims against defendants in their
official capacities and against the State be dismissed from this
action.

      B.   Absolute Immunity:  Judges, Prosecutors

     Kuperman's federal claims for damages asserted against the
judges and prosecutors in their individual capacities in this
case should be dismissed for the additional reason that they are
barred by the doctrines of absolute judicial and prosecutorial
immunity.  "An absolute immunity defeats a suit at the outset, so
long as the official's actions were within the scope of the
immunity."  Imbler v. Pachtman, 424 U.S. 409, 419 n.13 (1976).

     Judges have absolute immunity from civil liability for harm

14

allegedly incurred as a result of their judicial acts.  See Stump
v. Sparkman, 435 U.S. 349, 359 (1978).  "This immunity applies no
matter how erroneous the act may have been, how injurious its
consequences, how informal the proceeding, or how malicious the
motive."  Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (citing
Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)).  "Only
judicial actions taken in the clear absence of all jurisdiction
will deprive a judge of absolute immunity."  Cok, 876 F.2d at 2.
Absolute immunity applies to any normal and routine judicial act
committed within the court's jurisdiction.  See Stump, 435 U.S.
at 359.

     Similarly, prosecutors making prosecutorial decisions are
absolutely immune from liability.  See Van de Kamp v. Goldstein,
___ U.S. ___, ___, 129 S. Ct. 855, 860 (2009).  "[P]rosecutorial
actions that are 'intimately associated with the judicial phase
of the criminal process'" are within the scope of prosecutorial
immunity.  Id. (quoting Imbler, 424 U.S. at 430).  The public
policy considerations underlying the prosecutorial immunity
doctrine arise from concerns paralleling those underlying
judicial immunity, that harassing tort litigation could distract
prosecutors and shade their decisions, disrupting their exercise
of independent judgment.  Van de Kamp, 129 S. Ct. at 860 (citing

15

Imbler, 424 U.S. at 423).

Kuperman has not alleged that the defendant judges exceeded their jurisdiction, or that the defendant prosecutors were engaged in activities outside of their roles as officers of the court in a criminal proceeding.  Rather, Kuperman has alleged that defendants conspired and tricked him into accepting illegal sentences.  The conduct at issue, while alleged in a conclusory manner, apparently relates to plea-bargaining, the entry of guilty pleas, judicial decision making, and sentencing.  Each of these activities falls within the normal scope of the judges' jurisdiction and involves discretionary prosecutorial acts that are intimately associated with the judicial phase of the criminal process, precisely the types of discretionary functions involving independence of judgment that the aforementioned immunity doctrines seek to shield from attack.  See Pinaud v. Suffolk County, 52 F.3d 1139, 1150 (2d Cir. 1995) (prosecutor immune from section 1983 claims arising from plea bargaining and plea negotiations (citing cases)).  Accordingly, the damage claims asserted against the judges and prosecutors in this case should be dismissed on the grounds of their absolute immunity from civil liability.

    C.   Non-State Actors:  Defense Counsel

The section 1983 claims against Topham, Garrity, and Morgan ("Defense Counsel") should also be dismissed because these defendants are not state actors.  To state a claim against a defendant under 42 U.S.C. § 1983, Kuperman must allege facts sufficient to show that the defendant "'may fairly be said to be a state actor.'"  See Alberto San, Inc. v. Consejo de Titulares del Condominio San Alberto, 522 F.3d 1, 4 (1st Cir. 2008) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). Garrity and Morgan are private attorneys who served as counsel for Kuperman.  Topham was an attorney at the New Hampshire Public Defender's Office when he served as Kuperman's counsel.  An attorney, whether appointed by the state or privately retained, "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk County v. Dodson, 454 U.S. 312, 318–19 (1981); see also Angelico v. Lehigh Valley Hosp., 184 F.3d 268, 277 (3d Cir. 1999).

Private individuals may be said to be state actors for purposes of section 1983 in certain circumstances, including cases in which there is a showing of the private actor's joint participation with the state or its agents.  See Alberto San, Inc., 522 F.3d at 4 (citing Lugar, 457 U.S. at 941); see also

17

Tower v. Glover, 467 U.S. 914, 920 (1984) (defense attorney alleged to have conspired with prosecutors may be properly named as defendant under section 1983). The complaint is replete with bald assertions of conspiracy among the defendants, but such conclusory allegations are insufficient in this case to render Defense Counsel liable as state actors under section 1983. See Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir. 1994) (affirming dismissal of section 1983 claim asserted against defense counsel because it was based on prisoner's conclusory allegations that defense counsel conspired with prosecutors and judges, without any facts giving rise to inference of meeting of minds or conspiracy). All claims asserted under section 1983 against Topham, Garrity, and Morgan should, therefore, be dismissed.

V.   Supplemental Jurisdiction

Kuperman asserts that this court has jurisdiction for his state law claims for defamation, which request damages for libel and slander arising from Kuperman's allegedly false charges and convictions, under 28 U.S.C. § 1367(a). Section 1367(a) provides federal courts with jurisdiction over state law claims related to federal claims in the same action. I recommend dismissing the state law claims on the ground that supplemental jurisdiction is inappropriate. Because all of the claims over which the court

has original jurisdiction should be dismissed for reasons set forth more fully above, I recommend that the Court decline to exercise its supplemental jurisdiction and dismiss any state law claims as well.  See id. § 1367(c)(3).

VI.   Request for Court-Appointed Counsel

Kuperman has filed a motion requesting court-appointed counsel (doc. no. 3).  There is no absolute constitutional right to free legal representation in a civil case.  Bemis v. Kelley, 857 F.2d 14, 15 (1st Cir. 1988).  Rather, appointment of counsel in a civil case is left to the discretion of the court.  See 28 U.S.C. § 1915(d); 42 U.S.C. § 3613(b).

In this Report and Recommendation, I have indicated that all of Kuperman's claims should be dismissed.  Should this Report and Recommendation be accepted, Kuperman's motion for appointment of counsel should be simultaneously denied as moot.

Conclusion

For the reasons discussed more fully above, I recommend that all claims in Kuperman's complaint be dismissed.

The claims identified in this report and recommendation will be considered for all purposes to be the claims raised in the complaint.  If Kuperman disagrees with the identification of the claims herein, he must do so by objection filed within ten (10)

19

days of receipt of this order, or he must properly move to amend the complaint.

Any objection to this report and recommendation must be filed within ten days of receipt of this notice.  Failure to file an objection within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13–14 (1st Cir. 1992); <u>United States v. Valencia–Copete</u>, 792 F.2d 4,6 (1st Cir. 1986).


James R. Muirhead
United States Magistrate Judge

Date: June 19, 2009

cc:   Albert R. Kuperman, pro se