UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Albert Rueben Kuperman


        v.                          Civil No. 09-cv-066-JD
                                    Opinion No. 2009 DNH 099

State of New Hampshire, et al.


                        O R D E R


     Albert Rueben Kuperman, proceeding pro se and in forma
pauperis, filed an action titled "Complaint under Civil Rights
Act, §§ 1981, 1983, 1985, 1986, 1988."  The magistrate judge
conducted a preliminary review, pursuant to 28 U.S.C. § 1915A(a)
and D.N.H. Local Rule 4.3(d)(2), and concluded that Kuperman's
complaint failed to state a claim upon which relief might be
granted.  The magistrate issued a report and recommendation that
all of the claims be dismissed.  Kuperman objects to the
magistrate's report and recommendation.

     When a party files a timely objection to a report and
recommendation, the court "shall make a de novo determination of
those portions of the report or specified proposed findings or
recommendations to which objection is made."  28 U.S.C. §
636(b)(1).  Under § 1915A, the court is required to review civil
actions filed by prisoners seeking redress from governmental
entities, officers, or employees.  § 1915A(a).  The review is

made to identify cognizable claims, if any, and to dismiss the complaint if any portion is "frivolous, malicious, or fails to state a claim upon which relief may be granted[,] or seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

Kuperman objects to the magistrate's alternative grounds for dismissing one of Kuperman's § 1983 claims, due to issue preclusion, to the recommendation that the claims against the prosecutors and judges be dismissed based on their immunity, and to application of the bar under Heck v. Humphrey, 512 U.S. 477 (1994) ("Heck rule"), based on the circumstances of his case.  He also states that he wishes to withdraw his conspiracy claims and asks that his claims be dismissed without prejudice or to stay this case pending the outcome of his habeas corpus action.


A.  Issue Preclusion

The magistrate judge determined that all of Kuperman's claims under 42 U.S.C. § 1983 were barred by the Heck rule.  The magistrate also concluded that one of the § 1983 claims, Count IV, was barred under the doctrine of issue preclusion because Kuperman litigated that claim in the context of his habeas corpus proceeding, Kuperman v. Warden, 07-cv-245-PB (filed Jan. 17, 2008), and summary judgment was entered against him on the

claim.[1]  Following summary judgment, final judgment entered, and
Kuperman filed an appeal.

Although the grounds for Kuperman's objection are far from
clear, it appears that he argues that the judgment in his federal
habeas action lacks preclusive effect for purposes of his civil
rights claim and that a decision based on issue preclusion is
premature because his appeal is pending.  Issue preclusion may
apply to bar relitigation of issues, which were decided in a
prior federal habeas action, in a subsequent civil rights action
in federal court.  Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir.
1993).  The general rule is that a pending appeal does not alter
the preclusive effect of a district court judgment.  See Cruz v.
Melecio, 204 F.3d 14, 21 (1st Cir. 2000); Roche Palo Alto LLC v.
Apotex, Inc., 526 F. Supp. 2d 985, 998 (N.D. Cal. 2007) (citing
Robi v. Five Platters, Inc., 838 F.2d 318, 327 (9th Cir. 1988));
18 James Wm. Moore et al., Moore's Federal Practice §
131.30[2][c][ii] (2009); 18A Charles Alan Wright, Arthur R.

---

[1]In Count IV of his complaint, Kuperman alleges that a state
court judge, a state prosecutor, and a private attorney "induced"
him to "accept consecutive sentence(s) alluding [sic] him to
believe they were authorized by law when in fact they are not."
Complaint at 7-8.  In his habeas proceeding, Kuperman v. Warden,
07-cv-245-PB, Kuperman also alleged that his sentences imposed in
2006 were illegal consecutive sentences.  Id. dkt. no. 30.

Miller & Edward H. Cooper, <u>Federal Practice and Procedure</u> § 4433
(18A FPP § 4433, current through 2009 update).

Given the nature of Kuperman's claims challenging his
consecutive sentences in this case and in his habeas proceeding,
the prior judgment in the habeas proceeding precludes the same
claim being litigated here.  The pending appeal in Kuperman's
habeas proceeding does not affect its preclusive effect here.

B.   <u>Immunity</u>

Kuperman contends that the judges and prosecutors named as
defendants are not entitled to immunity, as found by the
magistrate judge, because they were acting outside their
jurisdiction or authority.  Specifically, he argues that in
imposing allegedly illegal consecutive sentences, the judges and
prosecutors were acting without legal authorization or
jurisdiction.  Kuperman is mistaken.

Judicial immunity applies to normal and routine judicial
actions, even if they are erroneous.  <u>Cok v. Cosentino</u>, 876 F.2d
1, 3 (1st Cir. 1989).  Judicial actions, therefore, are entitled
to absolute immunity unless there is a "clear absence of all
jurisdiction."  <u>Stump v. Sparkman</u>, 435 U.S. 349, 357 (1978).
Prosecutors are entitled to absolute immunity from claims arising
from their "actions that are 'intimately associated with the

4

judicial phase of the criminal process.'"  <u>Van De Kamp v. Goldstein</u>, --- U.S. ---, 129 S. Ct. 855, 860 (2009) (quoting <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976)).

The sentencing decision made in Kuperman's case was well within the jurisdiction of the state court judge.  Because sentencing is part of the judicial phase of the criminal process, the prosecutor's actions related to sentencing were entitled to immunity.  Therefore, claims arising from the judge's and prosecutor's involvement in Kuperman's sentencing are barred by their absolute immunity.

C.  <u>Relief Unavailable</u>

Kuperman argues that "the issue of requiring a habeas ruling to support actionability of a § 1983 [sic] needs to be further discussed, because there is a different standard of proof in civil trials where habeas proceedings don't have trials."  He cites to the saga of civil and criminal proceedings involving O. J. Simpson to illustrate his point, which, nevertheless, remains obscure.

It appears that Kuperman contends that he should be allowed to proceed with his § 1983 claims, without first obtaining invalidation of his judgment of conviction and sentence through his habeas action, because a jury would decide his § 1983 claims.

Kuperman's § 1983 claims, challenging his conviction and sentence, however, "would 'necessarily imply' the invalidity of [his] conviction, or 'necessarily imply' the invalidity of the length of [his] sentence, [and] such claim[s] [are] not cognizable under § 1983 unless and until the inmate obtains favorable resolution of a challenge to his conviction." Thore v. Howe, 466 F.3d 173, 179 (1st Cir. 2006) (quoting Heck, 512 U.S. at 487). Therefore, the rule announced in Heck v. Humphrey bars Kuperman's § 1983 claims raised in this case.

D.  Conspiracy Claims

In response to the magistrate judge's analysis of Kuperman's conspiracy claims and the recommendation that they be dismissed, Kuperman asks that he be allowed to withdraw the claims. Because the magistrate judge correctly determined that Kuperman failed to state conspiracy claims and recommended that they be dismissed, his request to withdraw the claims is denied.

E.  Dismissal without Prejudice or Stay

A dismissal for failure to state a claim under § 1915A(b)(1) is ordinarily a dismissal on the merits, meaning with prejudice, unless the court explicitly states otherwise. McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009); Gladney v. Pendleton

Corr. Facility, 302 F.3d 773, 775 (7th Cir. 2002).  The
magistrate judge correctly concluded that Kuperman failed to
state a claim under 42 U.S.C. § § 1981, 1985, and 1986 because he
failed to allege racial or class-based discrimination or a
conspiracy.  Kuperman's claims under § 1983 must be dismissed
under the Heck rule and his claim in Count IV is also barred by
issue preclusion.  Because the determination that Kuperman failed
to state claims upon which relief may be granted is a finding on
the merits of those claims, the claims are dismissed with
prejudice.  Kuperman provides no persuasive reason to stay the
case pending resolution of his appeal in his habeas proceeding.

### Conclusion

After consideration of the plaintiff's objection, the report
of the magistrate judge, recommending that all of the claims in
the plaintiff's complaint be dismissed (document no. 20), is
approved and adopted.  All of the claims are dismissed with
prejudice.  The clerk of court shall enter judgment accordingly
and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 1, 2009

cc:  Albert Rueben Kuperman, pro se

7